UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| ERIC JACKSON, } | |
| ON BEHALF OF HIMSELF AND } | |
| ALL OTHERS SIMILARLY SITUATED, } | |
| } | |
| Plaintiff, } | Civil Action, File No. |
| v } | |
| } | |
| GROSSMAN & KARASZEWSKI, PLLC, LVNV } | |
| FUNDING LLC, SHERMAN FINANCIAL GROUP, } | |
| LLC, RESURGENT CAPITAL SERVICES LP, } | |
| WILLIAM C. GROSSMAN, AND DARLEEN V. } | |
| KARASZEWSKI, } | |
| } | |
| Defendants. } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Eric Jackson [hereinafter "Jackson"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Grossman & Karaszewski, PLLC [hereinafter "G&K"], LVNV Funding LLC [hereinafter "LVNV"], Resurgent Capital Services LP (Resurgent), Sherman Financial Group, LLC [hereinafter "Sherman"], William C. Grossman (hereinafter "Grossman"), and Darleen V. Karaszewski (hereinafter "Karaszewski"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants

possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Jackson is a natural person who resides at 69 Wood Avenue, Mastic, NY 11950.

6. Jackson is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. G&K is formerly known as or is the successor-in-interest to William C. Grossman Law, PLLC.

8. On July 19, 2017, G&K, on behalf of LVNV, filed the lawsuit against Jackson annexed as Exhibit A in the District Court of the County of Suffolk under Index No. CV-004646-17/CE ("State Action") to recover a past due debt owed to the "debt collector" LVNV.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Credit One Bank, N.A. for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. G&K, via Exhibit A, attempted to collect this past due debt from Jackson in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account.

10. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a *transaction* in which the money, property, insurance, or services

which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

11. NY CPLR 105(f) defines a "consumer credit transaction" to mean "a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes."

12. The definition of a "consumer credit transaction" as set forth in the above paragraph matches or is akin to the definition of a "debt" under the FDCPA.

13. The top portion of the Summons annexed as part of Exhibit A sets forth the following: "**CONSUMER CREDIT TRANSACTION**".

14. Upon information and belief, G&K, on behalf of LVNV drafted the aforementioned Summons or decided to use the particular form of a Summons based on G&K, on behalf of LVNV having information which led it to determine that the debt allegedly owed by Jackson was a "consumer credit transaction".

15. The New York City Civil Court designated the State Action as a "Consumer Credit" matter.

16. Based on the above, the past due debt at issue in Exhibit A arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. G&K is a New York Professional Services Limited Liability Company with a principal place of business located at 5965 Transit Road, Ste. 500, East Amherst, NY 11051.

18. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to

New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015). G&K possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

19. On a consistent and regular basis through the present, G&K was the plaintiff's attorney in consumer debt collection lawsuits such as Exhibit A. Also, on a consistent and regular basis through the present, G&K, without using the courts, has collected and attempted to collect debts from consumers on behalf of a third-party owner of the debt.

20. Based upon Exhibit A and the allegations in the above two paragraphs, the principal purpose of G&K is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

21. Based upon the allegations in the above three paragraphs, G&K is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22. LVNV is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

23. LVNV's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts and then, via agents, attorneys, and/or third-party debt collectors, attempting to collect these defaulted debts from consumers.

24. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present LVNVs has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that LVNV became the owner of the debt from the original creditor.

25. The aforementioned consumers include New York City residents.

26. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

27. LVNV possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

28. On its website, LVNV describes itself as follows:

> "LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency."

29. Based upon Exhibit A, Exhibit A, and the above allegations, the principal purpose of LVNV is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30. Resurgent is a Delaware Limited Partnership and a New York Foreign Limited Partnership.

31. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

32. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

33. On its website, Resurgent describes itself as follows:

> "Resurgent Capital Services is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. We manage accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts. Our offices are located in Greenville, SC and Cincinnati, OH. As a loan servicer and licensed collection agency, we may perform collection activities on accounts directly, or we may outsource the recovery activities to other independently owned collection agencies and law firms."

34. Based upon the above allegations, the principal purpose of Resurgent is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.; and therefore, Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

35. Sherman is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

36. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

37. Sherman wholly owns numerous subsidiaries such as LVNV and Resurgent which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.  Upon information and belief, Sherman directs and/or requires and/or allows Sherman's wholly owned "debt collectors" subsidiaries to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which Sherman's wholly owned "debt collectors" attempt to collect.

38. Based on the above, the principal purpose of Sherman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

39. Based on the above, Sherman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

40. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly

includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

41. Grossman is an "individual" with a principal place of business located at "debt collector" G&K, a partner of the "debt collector" G&K, a main financial beneficiary of "debt collector" G&K, and/or controls and/or supervises the debt collection activities of "debt collector" G&K.

42. Grossman therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Grossman is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

43. Grossman signed and/or approved the filing and service of the State Action.

44. Grossman is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of G&K.

45. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

46. Karaszewski is an "individual" with a principal place of business located at "debt collector" G&K, a partner of the "debt collector" G&K, a main financial beneficiary of "debt collector" G&K, and/or controls and/or supervises the debt collection activities of "debt collector" G&K.

47. Karaszewski signed and/or approved the filing and service of the State Action.

48. Karaszewski therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Karaszewski is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

49. Karaszewski is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of G&K.

50. Upon information and belief, LVNV and/or Resurgent issued work standards, directives, and/or guidelines to G&K which contained instructions, controls, and rules governing the steps G&K could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

51. Upon information and belief, LVNV and/or Resurgent issued work standards, directives, and/or guidelines to G&K which contained instructions, controls, and rules governing the steps G&K could and could not take to attempt to collect debts including the filing and prosecution of lawsuits. These instructions, controls, and rules included the types of account documents G&K could request or obtain at various stages of a debt collection lawsuit. These instructions, controls, and rules controlled and/or substantially effected all the actions G&K took regarding the attempt to collection the debt via Exhibit A.

52. LVNV and Resurgent are wholly owned subsidiaries of Sherman.

53. Upon information and belief, Sherman, a "debt collector", directs and/or requires and/or allows Sherman's wholly owned subsidiaries such as LVNV and Resurgent to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which LVNV and Resurgent attempt to collect in the name of LVNV; and Sherman directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of LVNV including the selection and supervision and continuous evaluation of the effectiveness of collections agencies such as G&K. For the above reasons, Sherman is vicariously liable for the actions of LVNV, Resurgent, and G&K.

54. All the actions alleged in this Complaint taken by G&K were taken by G&K as the "debt collector", agent, and/or attorney for the "debt collector" LVNV, Resurgent, and Sherman.

55. Based on the allegations in the above two paragraphs, LVNV, Resurgent, and Sherman are vicariously liable for the actions of G&K.

### FIRST CAUSE OF ACTION-CLASS CLAIM

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-55.

57. Exhibit A directly or indirectly represented to Jackson and the court that LVNV had standing and/or a legal right to file and/or serve Exhibit A and/or to obtain a Judgment for the amount sought in Exhibit A.

58. As set forth in Exhibit A, the debt referred to in Exhibit A did not originate with LVNV.

59. As set forth in Exhibit A, the debt referred to in Exhibit A was assigned, sold, or transferred one or more times before LVNV allegedly became the owner of the debt.

60. Prior to the filing and/or service of Exhibit A, Jackson did not receive a notice of the

assignment, transfer, or sale from each and every prior assignor of the debt.

61. Prior to the filing and/or service of Exhibit A, Jackson was not sent a notice of the assignment, transfer, or sale by each and every prior assignor of the debt. In the alternative, prior to the filing and/or service of Exhibit A, there did not exist the ability to produce a document showing that Jackson was sent a notice of the assignment, transfer, or sale by each and every prior assignor of the debt and/or the date on which Jackson received such notice.

62. For the reasons set forth in the above paragraphs 58-61, notwithstanding and separate and apart from NY CPLR 5019(c), pursuant to New York common law, LVNV did not have standing and/or a legal right to file and/or serve Exhibit A and/or to obtain a Judgment for the amount sought in Exhibit A.

63. Prior to filing and/or serving Exhibit A, G&K did not request, possess, and/or or review any documentation regarding the notice to Jackson of the assignment, transfer, or sale by each and every prior assignor of the debt. Therefore, G&K failed to conduct a "meaningful attorney review" prior to filing and/or serving Exhibit A.

64. Upon information and belief, prior to G&K filing and/or serving Exhibit A LVNV and/or Resurgent refused to provide to G&K or prohibited G&K from requesting any documentation regarding the notice to Jackson of the assignment, transfer, or sale by each and every prior assignor of the debt. In the alternative, LVNV and/or Resurgent authorized G&K to file and/or serve Exhibit A without G&K requesting or possessing any documentation regarding the notice to Jackson of the assignment, transfer, or sale by each and every prior assignor of the debt. In the alternative, prior to G&K filing and/or serving Exhibit A, LVNV and/or Resurgent knew or should have known that there did not exist the ability to produce a document showing that Jackson was sent a notice of the assignment,

transfer, or sale by each and every prior assignor of the debt and/or the date on which Jackson received such notice.

65. For the reasons set forth above, G&K attempting to collect the debt via the filing and/or service of Exhibit A amounted to a violation by Defendants of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and/or 15 USC 1692f (1).

## SECOND CAUSE OF ACTION-CLASS CLAIM

66. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-55.

67. The filing and serving of Exhibit A and/or the prosecution of the State Action amounted to a violation by Defendants of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

68. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

69. The class consists of (a) all natural persons (b) who were sued by or on behalf of any of Defendants between July 19, 2017 and the present (c) via a lawsuit materially identical or substantially similar to Exhibit A (d) to recover a consumer debt (e) where the lawsuit actually was served.

70. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

71. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

72. The predominant common questions are whether Defendants' letters and debt collection lawsuits violate the FDCPA.

73. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

74. A class action is the superior means of adjudicating this dispute.

75. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff for statutory and actual damages in an amount to be determined at trial and in favor of the class members for statutory and actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:        July 19, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107